UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PELINOR DESIR, Petitioner, v. TODD BLANCHE, et al., Respondents. | Case No.: 26-cv-6166-RSH-SBC **ORDER GRANTING PETITION FOR HABEAS CORPUS** |

On October 29, 2026, petitioner Pelinor Desir filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner is a national of Haiti. ECF No. 1-3 at 2. On January 14, 2024, Petitioner entered the United States through the Hidalgo Port of Entry in Texas. *Id.* He was subsequently paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). ECF No. 1-2 at 2. On September 15, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 4-1 at 4. He remains in custody at the Otay Mesa Detention Center and challenges his detention on due process grounds. *See* ECF No. 1.

In its return, the Government concedes that Petitioner was paroled into the country and states that it has "insufficient information regarding termination of [Petitioner's] parole . . . to provide to the Court." ECF No. 4 at 2. The Government further "acknowledges that

this [c]ourt's prior decisions will control the result here if the Court adheres to its prior decisions," citing to more than a dozen cases of this court granting petitions for writ of habeas corpus on similar facts. *Id.* at 2–3. Finally, the Government states that it "does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

For these reasons, the Petition is **GRANTED**. The Court **ORDERS** that the Government release petitioner Pelinor Desir from immigration custody within **one business day** of the date of this order, subject to the terms of his previously issued parole. The Court declines to enjoin the Government from imposing or modifying appropriate conditions of release, including location monitoring, because Petitioner has not established a legal basis for such an injunction. The Court also declines to order the transfer of Petitioner's removal proceedings to the immigration court nearest his home because he has not identified authority establishing that such relief is an appropriate remedy in this habeas proceeding. To the extent Petitioner seeks attorneys' fees, he must file a noticed motion pursuant to the Civil Local Rules of this district and the undersigned's pretrial civil procedures.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Hon. Robert S. Huie
United States District Judge